U.S. FILED
EASTERN DISTRICT COURT
DISTRICT OF LA
2003 JAN 23 PM 3: 33
LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WINIFRED S. STEMPEL | CIVIL ACTION NO. 03-0230 |
| VERSUS | SECTION: SECT. F MAG. 5 |
| ST. TAMMANY PARISH SCHOOL BOARD | JURY TRIAL REQUESTED |

### COMPLAINT AND REQUEST FOR JURY TRIAL

The complaint of Winifred S. Stempel, respectfully states as follows:

### JURISDICTION

I.

The jurisdiction is conferred on this court by 28 USC § 1331 and USC 29 USC § 626(c). This is a civil action brought by an aggrieved person seeking legal and equitable relief to remedy certain actions of her employer who discriminated based on age in violation of the United States Age Discrimination in Employment Act.

### PARTIES

II.

Complainant, Winifred S. Stempel, is fifty-six years old and resides within the confines of the Eastern District. Her date of birth is October 15, 1946. Complainant was an employee of defendant and was forced to accept an offer of transfer from Slidell High

School at a reduced salary on August 1, 2000 due to the age discrimination/age harassment that was being perpetrated upon her by the Salmen High School Principal, Janet Kondas.

III.

Defendant, St. Tammany Parish School Board, is a public body located in the State of Louisiana. Defendant has employed at all times material to this action over 300 employees.

**STATEMENT OF FACTS**

IV.

Complainant, Stempel, was an excellent Business Teacher and DECA Marketing-Education Coordinator at Salmen High School in Slidell, Louisiana. Salmen Principal, Janet Kondas, engaged in a pattern of eliminating older experienced teachers. Kondas arrived at Salemen during the 1998-99 academic year. Kondas made the comment that older teachers are like "barges" and that they need to become like speedboats or retire. She also stated that older teachers are not able to keep up with technology. In March of 2000, Kondas told complainant that there were going to be changes in the DECA program. When plaintiff questioned some of these changes, Kondas grabbed plaintiff's shoulders and screamed that she would be ending the accounting course that plaintiff taught and that she would make her go back to World Geography (Plaintiff had never taught World Geography and had not taught World History in several years.) Fifteen minutes after this discussion, Kondas called plaintiff into a meeting and began berating plaintiff. When plaintiff started taking notes, Kondas asked if she had problems

remembering things. Kondas then threatened that she would "document everything you do so I can get you out of here." She stated that "You'll never see the three years of DROP, I guarantee it." Thereafter, she proceeded to engage in a pattern of harassment designed to make Stempel's working life so miserable that she had no choice but to transfer out of the situation or quit entirely. On Sunday, April 30, 2000, plaintiff filled out a transfer request form, which is required by the Board in order to participate in the Transfer Fair and Job Fairs, which were in May and June respectively. Plaintiff turned in the form to Principal Kondas on Monday, May 1, 2000. Principal Kondas signed and dated the form May 1, 2000 in plaintiff's presence.

V.

Subsequently, Kondas continued to harass and berate plaintiff in a further attempt to "get rid of" plaintiff. The harassment continued on a repeated basis up to and including, July 31, 2000. On that day, plaintiff received and accepted an offer of a position at Slidell High School. Within an hour of receiving the offer over the telephone, the Salmen Assistant Principal, Michael Cosse, informed plaintiff that she had the right to work at Salmen until August 17, 2000 (as per her contract) but if she did, the "check out" would be much more complicated, a veiled threat in order to induce plaintiff to leave immediately. Plaintiff packed her belongings and "checked out" the next day.

VI.

Complainant, who at all times pertinent hereto, was within the protected age group established Under the Age Discrimination and Employment Act, avers that defendant constructively demoted her from an eleven month position to a nine month

position and a commensurate reduction in pay because of her age in violation of 29 USC § 623 *et seq.*

VII.

Complainant filed a charge of discrimination and was issued a right to sue letter. The EEOC issued a cause determination in favor of plaintiff.

### DAMAGES AND RELIEF

VIII.

As a result of the willful and intentional discriminatory actions, defendant is liable to the complainant for the following damages and relief:

Loss of future income and employment benefits,

Loss of past income and employment benefits;

Liquidated/double damages for willful discrimination;

Attorney's fees and all costs and litigation expenses of these proceedings, including all expert fees;

XIV.

Complainant respectfully requests a trial by jury on all issues triable by jury.

WHEREFORE, complainant, respectfully prays that she be granted a trial by jury on all issues triable by jury.

FURTHER, complainant, prays that judgment be granted in her favor and against defendant, awarding her back pay, front pay or alternatively reinstatement, reimbursement of job search expenses in an amount to be proven at trial, liquidated (double) damages for willful discrimination, attorney's fees, costs, litigation expenses of

these proceedings, including expert fees as well as pre-judgment and post-judgment interest on all amounts.

Respectfully submitted,

_____
William M. McGoey, (#LSBA14205)
Evans & Clesi
336 Lafayette Street, Suite 200
New Orleans, Louisiana 70130
(504) 523-8523

6880/pb11-complaint